IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. ROBERT W. MONTGOMERY, et al., Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO UNSEAL GRAND JURY PROCEEDINGS<br><br>Case No. 2:14-cr-418<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |
|---|---|

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(A) from Judge Robert Shelby.[1] Pending before the court is Defendants' Motion to Unseal Grand Jury Proceedings.[2] The court will deny the motion as set forth below.

The Supreme Court has consistently "recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings."[3] There are exceptions, however, to this guiding principle. A court may authorize disclosure of grand jury proceedings under Rule 6(e) of the Federal Rules of Criminal Procedure if a "party demonstrates necessity for them with particularity."[4] Determining whether to release grand jury materials involves balancing competing interests that are unique from case to case. The Tenth Circuit has set forth these competing interests:

> "Specifically, a party seeking grand jury materials must show (1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. Relevance alone is not sufficient;

---

[1] ECF No. 45.

[2] ECF No. 77.

[3] *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1662, 60 L.Ed.2d 156 (1979).

[4] *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998) (quoting *United States v. Procter & Gamble Co.*, 365 U.S. 677, 682, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958)).

secrecy will not be broken absent a compelling necessity for the materials. Further, the request must amount to more than a request for authorization to engage in a fishing expedition."[5]

Defendants seek a "copy of the grand jury transcripts/recording . . . for the purpose of use in a judicial proceedings."[6] Defendants argue the "information testified to in the grand Jury proceeding is critical in avoiding injustice in the pending civil rights suit."[7] Further, at issue is not only Defendants' civil rights, "but also the integrity of the Grand Jury proceedings"[8] And, the need for the grand jury transcripts "is apparent", "the obscure and suspicious nature of the indictment necessitates" disclosure especially since defendants "have reason to believe that false evidence was provided to the Grand Jury."[9] Finally, Defendants point to *Douglas Oil Co .v Petrol Stops*,[10] asserting continued secrecy in the grand jury proceeding is less relevant after a grand jury's investigation is completed.

The court is not persuaded by Defendants arguments. They are conclusory without offering evidence of a particularized need for the release of the grand jury proceedings. Blanket assertions of "harming civil rights" in another proceeding are not enough to shift the balance in favor of a release. As noted in the case cited to by Defendants, "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure."[11] Defendants have

---

[5] *Id.* 143 F.3d at 569–70 (quoting *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997)) (citations and quotations omitted).

[6] Mtn. p. 1, ECF No. 77.

[7] *Id.* at 6.

[8] *Id.*

[9] *Id.* at p. 5.

[10] 441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979).

[11] *Douglas Oil Co. of California v. Petrol Stops*, 441 U.S. at 223, 99 S. Ct. 1667, 1675, 60 L. Ed. 2d 156, 27 Fed. R. Serv. 2d 269, 1979-1 Trade Cases P 62560 (1979)

2

failed to meet that burden. At best, it appears the materials may be relevant to the other matter and relevance alone is not sufficient.[12]

Accordingly, Defendants' Motion is DENIED.

DATED this 22 May 2019.

Brooke C. Wells
United States Magistrate Judge

---

[12] *See In re Grand Jury 95-1*, 118 F.3d at 1437.